# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>EMMETT WESSON,<br><br>    Defendant. | NO. CR-01-6027-RHW<br>CV-05-5095-RHW<br><br>**ORDER DISMISSING DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY** |

Before the Court is Defendant's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody Pursuant to 28 U.S.C. § 2255 (Ct. Rec. 88). Defendant was convicted of Distribution of a Controlled Substance and was sentenced by this Court to a 168-month term of imprisonment; a five (5) year term of supervised release; a $100 special penalty assessment; and the payment of $400 in restitution. Judgment was entered on November 25, 2002. Defendant did not appeal his sentence to the Ninth Circuit.

On January 23, 2006, the Court ordered Defendant to show cause why summary dismissal is not appropriate (Ct. Rec. 89). Defendant filed his response on March 13, 2006 (Ct. Rec. 90).

In conducting the Rule 4 analysis, the Count concluded that Defendant's Motion was time-barred under the Anti-Terrorism and Effective Death Penalty Act's one-year statute of limitation. In his motion, Defendant argued that the Controlled Substance Act is unconstitutional. In his response to the Show Cause Order, Defendant did not address whether equitable tolling of the statute of

**ORDER DISMISSING DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY ~ 1**

limitations applies to this claim. Defendant's second claim is that *United States v. Booker*, 543 U.S. 220 (2005), renders his sentence *void, ab initio*. In his response, Defendant argues that the unconstitutionality of the pre-*Booker*, mandatory Guidelines cannot be restricted only to cases on direct review, and argues that *United States v. Cruz*, 423 F.3d 1119 (9th Cir. 2005) is not controlling. Defendant's response fails to establish how his asserted "new right" meets one of the exceptions set forth in *Teague v. Lane*, 489 U.S. 288 (1989) (holding that a new rule of constitutional law generally does not apply to convictions that have become final, unless it falls under certain exceptions). Finally, in his motion, Defendant argues that he received ineffective assistance of counsel because his counsel did not advise him of his rights under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), or raise an *Apprendi* claim on his behalf. In his response, Defendant failed to address why this claim is not barred by the statute of limitations.

Defendant's habeas petition is barred by the Anti-Terrorism and Effective Death Penalty Act's one-year statute of limitation and he has failed to establish that the statute of limitations is subject to equitable tolling.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody Pursuant to 28 U.S.C. § 2255 (Ct. Rec. 88) is **DISMISSED**.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this order and to provide a copy to Defendant and counsel.

**DATED** this 10th day of April, 2006.

*s/ Robert H. Whaley*

ROBERT H. WHALEY
Chief United States District Judge

Q:\CRIMINAL\2001\Wesson\dismiss.22552.wpd

**ORDER DISMISSING DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY ~ 2**