UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>   v.<br><br>EMMETT WESSON,<br><br>   Defendant. | NO. CR-01-6027-RHW<br><br>**ORDER DENYING DEFENDANT'S MOTION REQUESTING REDUCTION OF SENTENCE PURSUANT TO § 3852(c)(2)** |

Before the Court is Defendant's Motion Requesting Reduction of Sentence Pursuant to § 3852(c)(2) (ECF No. 118). The motion was heard without oral argument.

Defendant moves the Court to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2), which provides:

> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Defendant asserts that during the original sentencing the Court did not consider the crack/powder disparity and asks the Court to re-sentence Defendant to 120 months.

Defendant relies on an unpublished opinion from the District of Minnesota. However, as Judge Rosenbaum noted, that case represented a "singular and unique

**ORDER DENYING DEFENDANT'S MOTION REQUESTING REDUCTION OF SENTENCE PURSUANT TO § 3852(c)(2) ~ 1**

exception" to the general rule that "[a] career offender sentence, or sentence imposed by a statutory minimum, is generally ineligible for a § 3582(c) sentence reduction." *United States v. Miller*, 2010 WL 3119768 (D. Minn. Aug. 6, 2010). The Ninth Circuit adheres to the general rule and has not recognized any such exception. *See United States v. Leniear*, 574 F.3d 668 (9th Cir. 2009); *United States v. Wesson*, 583 F.3d 728 (9th Cir. 2009); *United States v. Paulk*, 569 F.3d 1094 (9th Cir. 2009) (holding that a defendant sentenced pursuant to a statutory mandatory minimum is not entitled to a reduction of his prison sentence under Amendment 706).

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's Motion Requesting Reduction of Sentence Pursuant to § 3852(c)(2) (ECF No. 118) is **DENIED**.

2. The Court declines to issue a Certificate of Appealability.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and provide a copies to Defendant and counsel.

**DATED** this 12th day of July, 2011.

*s/Robert H. Whaley*
ROBERT H. WHALEY
United States District Judge

Q:\aCRIMINAL\2001\Wesson\reduce.wpd

**ORDER DENYING DEFENDANT'S MOTION REQUESTING REDUCTION OF SENTENCE PURSUANT TO § 3852(c)(2) ~ 2**